**FILED**
**Jul 30, 2025**
**01:19 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| **DAMIEN YEOMAN,** | ) | **Docket No. 2024-30-2931** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TRANSWOOD LOGISTICS, INC.,** | ) | |
| **Employer,** | ) | **State File No. 81990-2023** |
| | ) | |
| **and** | ) | |
| **ARCH INSURANCE COMPANY,** | ) | |
| **Carrier.** | ) | **Judge Brian K. Addington** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Transwood filed a Motion for Summary Judgment, and Mr. Yeoman responded. The issue is whether there is a genuine issue of material fact that he did not have a reasonable excuse for giving late notice of his work injury. For the reasons below, the Court holds there is no issue of material fact and Transwood is entitled to summary judgment.

### Claim History

On September 26, 2023, Mr. Yeoman slipped on a wet step while exiting Transwood's truck and felt a pull in his right shoulder. He sought medical treatment with his own doctor on October 10 and notified Transwood of his injury on October 20. Transwood initially accepted his claim but later denied it due to late notice.

In December 2024, this Court entered an Expedited Hearing Order finding that Mr. Yeoman offered a reasonable excuse for giving late notice of his injury. Transwood appealed, and the Appeals Board reversed. It held that Mr. Yeoman did not present evidence of a reasonable excuse for providing late notice and remanded the case.

Afterward, Transwood filed this motion with a statement of undisputed material facts with citations to the record in compliance with Rule 56.03 of the Tennessee Rules of Civil Procedure.

1

The statement of undisputed material facts included the following:

1. Mr. Yeoman worked as a driver for Transwood.
2. On September 26, 2023, he was dispatched to a customer's location in Hendersonville, North Carolina.
3. While climbing out of his truck, his foot slipped off the step resulting in immediate pain to his right shoulder.
4. After the incident, he finished his shift, returned the truck to Transwood, and went home.
5. That same day he reported to his mother that because of a work-related incident he had a pulled muscle in his right shoulder.
6. Despite acknowledging that he was aware that he suffered a work-related incident, he wanted to be cautious and make sure this was a work injury before involving Transwood.
7. He treated on his own on October 10, 2023, with reports of right-shoulder pain due to a work injury.
8. On October 20, 2023, he informed his supervisor, Jerry Smith, of his September 26, 2023 work injury.
9. His date of injury was only assigned because he could not generally remember which date or at what time the accident occurred—only the customer's location.
10. Mr. Smith confirmed the last time that Mr. Yeoman made a delivery to this customer and assumed that was the date of the incident.
11. Transwood has no additional documentation noting a work-related incident before the report on October 20, 2023, or within 15 days of his injury.

Mr. Yeoman filed a response to these undisputed material facts and admitted all of them except for numbers nine and 11. He could neither confirm nor deny any uncertainty about the date in number nine. He was unable to admit or deny number 11 but did not demonstrate that the fact was disputed as required under Rule 56.03.

He also filed his own set of undisputed material facts, including:

1. Mr. Yeoman delayed reporting his injury to Transwood because he had just started the job and "did not want to get caught up in a bunch of stuff with worker's compensation over something that would just go away on its own."
2. He reported the injury to Transwood when he realized the injury was not going away on its own.

Transwood argued that it is entitled to summary judgment because: Mr. Yeoman did not give timely notice of his injury; it did not have actual notice of the injury; it was prejudiced by his late notice; and Mr. Yeoman did not offer a reasonable excuse for providing late notice. It asserted that for acute injuries an employee's understanding, or lack thereof, of the seriousness of the injury does not excuse the 15-day notice requirement.

2

It also argued that the facts have not and cannot change, so that the only option for the Court is to grant summary judgment.

Mr. Yeoman argued that he explained his late notice, which this Court found persuasive. He contended the Appeals Board reviewed this case under the wrong standard and that Transwood waived his late notice because it accepted the claim for approximately 95 days.

## Law and Analysis

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2024).

Transwood must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the other's claim, or (2) demonstrate that the evidence is insufficient to establish an essential element of the claim. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If Transwood does either or both, Mr. Yeoman must respond by producing specific facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06. If Mr. Yeoman does not, then "summary judgment, if appropriate, shall be entered." *Id.*

Here, Transwood submitted undisputed proof that Mr. Yeoman did not give timely written notice of his acute injury. Transwood further established that it did not have actual knowledge of the incident. The remaining question is whether he had a reasonable excuse for his failure to give timely notice.

The Appeals Board held that courts must consider whether the employer had actual knowledge of the accident, whether the employee was unable to provide timely notice, and whether the employer suffered prejudice caused by the untimely notice. *Ernstes v. Printpack Inc.,* 2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *34 (June 6, 2023).

The Appeals Board determined that based on the facts, which are the same here, the employer had no actual knowledge of the accident before October 20, the employee did not give timely notice of the accident, the employer was prejudiced, and the employee offered no evidence of an inability to inform the employer of the accident. Also, it found when considering late notice for acute injuries, the fact that an employee did not understand the extent of his injury does not excuse his late notice. In other words, the statute does not provide a discovery rule for acute injuries. *Yeoman v. Transwood Logistics, Inc.,* 2025 TN Wrk. Comp. App. Bd. LEXIS 11, at *11-12 (Mar. 19, 2025). Thus, Transwood both then

and now has demonstrated that Mr. Yeoman offered insufficient evidence to prove he had a reasonable excuse for providing late notice of his injury.

Because Transwood demonstrated that Mr. Yeoman's evidence is insufficient to establish the essential element of notice, the burden shifts to Mr. Yeoman to produce specific facts showing a genuine issue for trial. He did not do so.

Mr. Yeoman responded by providing additional facts, which consisted of two statements rephrasing the existing undisputed facts. Those statements restated his concerns about reporting a claim as a new employee and his decision to discover the extent of his injury first. However, the Appeals Board concluded that "an employee's understanding, or lack thereof, of the seriousness of his injury does not excuse the notice requirement in circumstances where Employee was involved in a sudden, traumatic accident at work." *Id.* at *11.

Further, the Appeals Board determined that if an employee does not have a valid excuse for giving late notice, then the claim should be denied and dismissed. *Id.* at *9.

Thus, based on the rule of the case, and because Mr. Yeoman did not present additional facts showing a genuine issue of material fact for trial, the Court holds summary judgment is appropriate.

**IT IS, THEREFORE, ORDERED as follows:**

1. Transwood's motion for summary judgment is granted, and Mr. Yeoman's claim is dismissed with prejudice.

2. The Court taxes the $150.00 filing fee to Transwood under Tennessee Compilation Rules and Regulations 0800-02-21-06 (2023) payable to the Clerk within five business days.

3. Unless appealed, this Order shall become final 30 days after entry.

4. Transwood shall prepare and submit the SD-2 with the Clerk within ten days of the date this order become final.

**ENTERED July 30, 2025.**

**Brian K. Addington**

_____
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

4

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on July 30, 2025.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Andrew Roberto, Employee's Attorney | | | X | aroberto@brownandroberto.com<br>cwilliams@brownandroberto.com |
| Allison King, Employer's Attorney | | | X | apking@mijs.com<br>slmcculley@mijs.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*